# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DENNIS BENITEZ,** | § | |
| | § | |
| **Petitioner** | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-10-CA-138-XR |
| **RICK THALER,** | § | |
| **Texas Department of Criminal Justice** | § | |
| **Institutional Division Director,** | § | |
| | § | |
| **Respondent** | § | |

# S H O W   C A U S E   O R D E R

Petitioner Dennis Benitez' 28 U.S.C. § 2254 Habeas Corpus Petition challenges his 2005 Bexar County conviction for murder and his thirty-five year sentence in *State v. Benitez*, No.2004-CR-2488 (Tex. 144th Jud. Dist. Ct., *jmt. entered* Feb. 8, 2005). Benitez' conviction was affirmed. Benitez' petition for discretionary review was refused by the Texas Court of Criminal Appeals on November 22, 2006. His State habeas corpus application, filed January 25, 2008, was denied December 16, 2009; his motion for reconsideration filed December 31, 2009, was refused on January 26, 2010.

"[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006). Title 28 U.S.C. § 2244(d)(1) provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Benitez' conviction became final February 20, 2007, ninety days after the Texas Court of Criminal Appeals refused his petition for discretionary review and when the time for filing a petition for writ of certiorari to the U.S. Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F. 3d 510,

513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). There was a 1,094 day interval between the time his conviction became final and the filing of his federal Petition on February 17, 2010. Excluding the 719 days his State habeas application and motion for reconsideration were pending, there was a 375 day interval between the time his conviction became final and the filing of his federal Petition, and therefore, Benitez' federal Petition is apparently barred by limitations. *See* 28 U.S.C. § 2244(d)(1)(D).

**Petitioner Benitez is directed to show cause within twenty-one (21) days why his federal Petition should not be dismissed as barred by limitations**. If Petitioner fails to respond to this Order, his Petition may also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**SIGNED** on February 26, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE