# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| DENNIS BENITEZ | § | |
| | § | |
| v. | § | SA-10-CA-138-XR |
| | § | |
| RICK THALER | § | |

## ORDER

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case (docket no. 16) and Plaintiff's objections thereto (docket no. 18). After careful consideration, the Court will accept the recommendation and dismiss this case.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine

the entire record and will make an independent assessment of the law. In this case, Petitioner objected to the Magistrate Judge's recommendation, so the Court will conduct a de novo review.

The Petitioner's state court conviction became final on February 20, 2007. His AEDPA limitations period would have expired on February 20, 2008. But all parties agree that he is entitled to tolling of 692 days (January 25, 2008 through December 16, 2009). Petitioner argues that he is also entitled to tolling from the date he sent a motion for reconsideration to the CCA, which was stamped "received" (not filed). Assuming arguendo (and without deciding that he is legally entitled to additional tolling), this would have perhaps tolled limitations from December 31, 2009 (the date the motion was stamped "received") through January 26, 2010 (the date the CCA issued a notice stating that the motion would not be entertained). Even assuming that these extra 27 days should be tolled, the Petitioner was required to have filed his federal habeas petition no later than February 9, 2010. It is uncontested that the petition was filed on February 17, 2010.[1]

Accordingly, for the reasons discussed herein, the Court ACCEPTS the Magistrate Judge's recommendation and DISMISSES this cause.

The Petitioner also objects to the Magistrate Judge's recommendation that a certificate of appealability be denied. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

---

[1] Petitioner's counsel argues that the tolling should apply from December 16, 2009 through January 26, 2010. The cases cited by counsel do not support Petitioner's argument that he is entitled to have the period from December 16 through December 31 tolled.

2

constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing requires the movant to demonstrate that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further.  *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999).  The district court must either issue a certificate of appealability stating which issues satisfy the required showing, or must state the reasons why a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons explained in this Order, the movant has not made a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability should not issue in this action.  As a result, the Court DENIES the movant's request for a certificate of appealability    It is so ORDERED.

SIGNED this 4th day of November, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE